QUESTION: May agricultural classification be granted to the appropriate balance of a tract of land if the entire tract is rezoned commercial when only a portion of the tract is used for commercial purposes and the balance of the tract of land remains in agricultural use?
SUMMARY: Until judicially determined otherwise, an owner of a tract of land presently classified and zoned agricultural who petitions the local zoning board to have a portion of the tract of land rezoned "commercial," who is informed by such board that the petition will be granted only if he will agree to have the entire tract rezoned "commercial," and who agrees or acquiesces in or accepts the same would be subject to the commands of s.193.461(4)(a)3., F. S., and the property appraiser would be required to reclassify the entire tract of land as nonagricultural. The question is answered in the negative. Section193.461(4)(a), F. S., provides in its entirety: (4)(a) The [property appraiser] shall reclassify the following lands as nonagricultural: 1. Land diverted from an agricultural to a nonagricultural use; 2. Land no longer being utilized for agricultural purposes; 3. Land that has been zoned to a nonagricultural use at the request of the owner subsequent to the enactment of this law; or 4. Land for which the owner has recorded a subdivision plat subsequent to the enactment of this law. (Emphasis supplied.) Your letter indicates that you attach significance to the alleged fact that the landowner has been informed (presumably by members of the local zoning board) that the board would grant his request for rezoning of a portion of the land only if the owner would be agreeable to having the entire tract rezoned to a nonagricultural use. The statute makes no provision for such a contingency but instead commands that land which has been zoned to a nonagricultural use at the request of the owner, subsequent to the enactment of the law, shall be reclassified by the property appraiser as nonagricultural. The rezoning is being done subsequent to the enactment of the law, since Ch. 72-181, Laws of Florida, through which s.193.461(4)(a)3., F. S., was created, took effect July 1, 1972, and was made to apply to ad valorem assessments and taxes levied after December 31, 1972. The landowner is not being compelled to petition the zoning board for the desired rezoning or to acquiesce in or accept the proposed rezoning of the land to a nonagricultural use, and it is apparent from your letter that if the owner does not wish to have the entire tract of land rezoned, he need only withdraw the petition for rezoning or decline to file it. He does not have to accept rezoning of the entire tract. It would accordingly be my view that the provision of the statute would apply and the property appraiser would be required to reclassify the entire tract as nonagricultural if the owner agrees to the rezoning of the entire tract of land to a nonagricultural use in the circumstances set forth in the factual situation stated in your inquiry. The command to reclassify the land as nonagricultural stated in the statute is quite clear and concise, containing no such exception as that mentioned in the factual situation stated in your letter. As you are no doubt aware, this provision of the statute is presently involved in litigation in various courts throughout the state, although I am not aware of any court case involving the specific question you have posed. However, until determined to the contrary by the judiciary, my opinion is as stated above.